UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES HOWARD EASTLICK, Jr.<br><br>Defendant. | Case No. 2:18-CR-00286-DCN<br>           2:18-CR-00288-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant James Eastlick's Motion for Appointment of Counsel and Early Termination of Supervised Release. Case 286, Dkt. 3; Case 288, Dkt. 3.[1] Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court finds good cause to GRANT

---

[1] On September 11, 2018, the District of Montana transferred jurisdiction for Eastlick's three criminal cases to the District of Idaho. These were opened as Case Nos.: 2:18-cr-00286 ("Case 286"), 2:18-cr-00287 ("Case 287"), and 2:18-cr-00288 ("Case 288"). Eastlick has been discharge from supervised release in Case 287. The instant matters were filed (identically) in Case 286 and Case 288. The Court will cite to the various cases as appropriate.

Eastlick's Motion for Appointment of Counsel and DENY Eastlick's Motion for Early Termination of Supervised Release.

## II. BACKGROUND

Eastlick's supervised release is the result of the judgments in two cases, Case 286 and Case 288.[2] Both cases involved the bribery of an official of an Indian Tribal Government in violation of 18 U.S.C. § 666(a)(2). Case 286, Dkt. 1-2; Case 288, Dkt. 1-4. Eastlick pled guilty in both cases, and the United States District Court for the District of Montana sentenced Eastlick to 72 months' imprisonment followed by supervised release for three years. *Id*. Eastlick started his term of supervision on November 6, 2018, and his expiration date is November 5, 2021. Case 286, Dkt. 4.

As part of sentencing, the United States District Court for the District of Montana imposed a $100,000.00 fine and ordered $100,000.00 in restitution payments in Case 286. Case 286, Dkt. 1-2. The same court imposed $258,487.00 in restitution payments with respect to Case 288. Case 288 1-4. In total, Eastlick's monetary obligations stemming from these judgments totaled $458,487.00. As of May 13, 2021, Eastlick has paid off the restitution—but not the fine—in Case 286, and has paid $85,440.54 of the restitution in Case 288. Case 288, Dkt. 4. Eastlick's current obligations thus total approximately $273,046.46.[3]

---

[2] As mentioned, there was a third case—Case 287—that carried a sentence and term of supervised release; however, that case has concluded. The Court, therefore, does not mention it here.

[3] Again, it appears Eastlick may still owe some restitution in Case 287, although the Court does not know the status of those obligations for sure. *See* Case 287, Dkt. 3, at 2.

In each case, United States Probation has already filed an "Information Only" petition alerting the Court to the fact that Eastlick will "expire from supervision with an outstanding restitution balance." Case 286, Dkt. 4, at 2; Case 288, Dkt. 4, at 2.

### III. LEGAL STANDARD

Under 18 U.S.C. § 3583, supervised release may be terminated any time after one year, pursuant to the applicable rules of criminal procedure, where a court determines such action is warranted by the conduct of the defendant released and the interest of justice. 18 U.S.C. § 3583(e)(1). In making this determination, the court considers certain factors set forth in 18 U.S.C § 3553(a) including: the nature and circumstances of the offense and the history and characteristics of the defendant; the need to provide restitution to any victims of the offense; the need for the sentence imposed to afford adequate deterrence to criminal conduct; the need for the sentence imposed to protect the public from further crimes of the defendant; and the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3583(e).

### IV. DISCUSSION

As a threshold matter, the Court GRANTS Eastlick's Motion to the extent it will appoint Amy Rubin with the Federal Defenders of Eastern Washington and Idaho to represent Eastlick in these criminal cases. Amy Rubin filed the Defendant's combined motion in anticipation that she would be appointed as counsel in this matter. Thus, she is appointed as counsel nunc pro tunc to the date she filed the motion.

Early termination of supervised release is not appropriate in this case in light of the

relevant 18 U.S.C § 3553(a) factors. Eastlick asserts that he has been rehabilitated and that supervised release is adversely affecting his career advancement, his ability to pay his restitution, and his ability to financially support his children. Case 286, Dkt. 3, at 3. The Court congratulates Eastlick on his success in complying with his release conditions, maintaining employment, and reintegrating with the community. As this Court has held, however, compliance with the conditions of supervised release is expected, but not sufficient (in itself) to justify early release. *See e.g., United States v. Evertson*, No. 4:06-CR-206-BLW, 2011 WL 841056, at *3 (D. Idaho Mar. 7, 2011). *See also, United States v. Weintraub,* 371 F.Supp.2d 164 (D. Conn. 2005); *United States v. McKay,* 352 F.Supp.2d 359 (E.D.N.Y. 2005).

Specifically here, the Court cannot ignore Eastlick's substantial outstanding monetary obligations, nor the nature and circumstances of Eastlick's underlying offenses. As a guiding principle, early termination of supervised release is disfavored in the District of Idaho when the defendant has outstanding monetary obligations stemming from a criminal judgment. Here, Eastlick's outstanding obligations total approximately $270,000.00. The Court acknowledges Eastlick's argument that termination of his supervised release might, in fact, expedite repayment. However, the Court cannot disregard the guidance from US Probation that early termination is inappropriate here because Eastlick "still has a very large outstanding restitution balance and probation feels that keeping him on supervision is the best way to continue to monitor compliance with his

MEMORANDUM DECISION AND ORDER - 4

payments." Case 286, Dkt. 3, at 5.[4]

With Eastlick's outstanding payments and the 18 U.S.C § 3553(a) factors in mind, the Court is not convinced that early termination of Eastlick's supervised release is appropriate. Bribery concerning programs receiving Federal funds is a serious offense. Although Eastlick's behavior on supervised releases appears to be good, it is no more than what is expected and does not qualify as exceptional behavior. Again, Courts in this District have consistently held that compliance with conditions of supervised release is expected and does not justify early termination. *See, e.g., United States v. Bodybuilding.com, LLC,* No. 1:12-CR-00115-BLW, 2015 WL 3616962 (D. Idaho June 9, 2015).

Additionally, the goals of deterrence and compliance are better accomplished by continuing Eastlick's supervised release because supervised release provides a significant incentive to continue his compliance efforts. Finally, it would not be in the interest of justice to terminate Eastlick's supervised release early because it would circumvent the bargained-for plea agreement. Eastlick agreed that the U.S. Sentencing Guidelines must be applied, and an assertion that the length of supervised release is unjust is unpersuasive without further evidence of an uncontemplated hardship.

///
///
///

---

[4] To be sure, upon the expiration of Eastlick's term of supervision later this year, he will (presumably) still owe a large sum in restitution. Be that as it may, the Court still finds it prudent to keep him on probation at this time to monitor payment. Additionally, the Court reminds Eastlick of the importance of continued payments once supervision is terminated to avoid any adverse collection efforts.

MEMORANDUM DECISION AND ORDER - 5

## V. ORDER

NOW THEREFORE IT IS HEREBY ORDERED that:

1. Eastlick's Motion for Appointment of Counsel and Early Termination of Supervised Release (Case 286, Dkt. 3; Case 288, Dkt. 3) is **GRANTED in PART and DENIED in PART**. The Motion is granted to the extent the Court will appoint Amy Rubin as counsel for Eastlick. The Motion is denied as to Eastlick's request for early termination.

DATED: June 15, 2021

David C. Nye
Chief U.S. District Court Judge